# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| ALI MOSLEH, ET AL. | 1:19-cv-00656-LJO-BAM |
|---|---|
| Plaintiffs, | INTERIM MEMORANDUM DECISION AND ORDER RE PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION (ECF No. 3) |
| v. | |
| MICHAEL R. POMPEO, ET AL., | |
| Defendants. | |

The Court is in receipt of Plaintiffs' Motion for Preliminary Injunction (ECF No. 3), Defendants' Opposition (ECF No. 16), Plaintiffs' Reply (ECF No. 20), and Plaintiffs' Motion for Leave to File Supplemental Evidence (ECF No. 23). The Court requires more information from Defendants in order to rule on Plaintiffs' motion and thus issues an interim order as follows.

First, Defendants raise the threshold issue of whether venue is proper. Because at least one Plaintiff resides in the Eastern District of California, venue is proper before this Court. *See* 28 U.S.C. § 1391(e)(1); *Sidney Coal Co. v. Soc. Sec. Admin.*, 427 F.3d 336, 344–45 (6th Cir. 2005) ("Each court faced with the same issue has interpreted 'the plaintiff' to mean 'any plaintiff,' finding that Congress intended to broaden the number of districts in which suits could be brought against government entities."); *Californians for Renewable Energy v. United States Envtl. Prot. Agency*, No. C 15-3292

SBA, 2018 WL 1586211, at *5-6 (N.D. Cal. Mar. 30, 2018) (ruling only one Plaintiff must reside within the forum district for venue purposes, and collecting cases holding the same) (internal citations omitted); *see also* ECF No. 16 at 10 (Defendants agree at least two Plaintiffs reside in the Eastern District).

Second, Plaintiffs are correct that the Court must consider and weigh the factors announced in *Telecommunications Research & Action Center("TRAC") v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), in deciding whether Defendants' conduct constitutes an unreasonable delay under § 706(1). These factors include:

> (1) the time agencies take to make decisions must be governed by a "rule of reason";
> (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
> (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.

*TRAC*, 750 F. 2d at 79-80 (internal citations and quotation marks omitted). Defendants' Opposition, including the bare bones Declaration of Chloe Dybdah, *see* ECF No. 16-1, does not provide sufficient information or evidence for this Court to weigh Defendants' interests and in particular the "effect of expediting delayed action on agency activities of a higher or competing priority." Defendants do not provide sufficient detail regarding the national security/public safety step of the assessment process in general, and its boilerplate explanation for the status of each Plaintiff's security assessment is inadequate. *See, e.g.*, ECF No. 16-1 at 2 (stating for each Plaintiff that the consular officer is "is in consultation with the Visa Office regarding whether her entry could pose a threat to national security or public safety. It is not possible to predict how long it will take to complete the security assessments or to further adjudicate the waiver request.").

The Court cannot issue a decision without more information and evidence from Defendants

justifying the delays caused by the security assessments, both in terms of the general program and for each specific Plaintiff. Therefore, for the reasons stated above, the Court **ORDERS** as follows:

1. Plaintiffs' request for leave to file supplemental evidence (ECF No. 23) is **GRANTED**. The Court will consider the supplemental evidence as appropriate.
2. Defendants are **ORDERED** to submit the following supplemental information and/or evidence within fourteen (14) days:
    a. Demonstrating that the delays in the security assessment process are reasonable in general;
    b. Demonstrating for each Plaintiff what security assessment steps have already been taken, what steps remain, and an estimate of how long it the assessment process will take or an explanation of why such an estimate would be impossible;
    c. Demonstrating why the security checks Plaintiffs have already undergone "several times over" do not meet the standards of the waiver program, *see* ECF No. 3-2 at 23;
    d. Demonstrating what the "expedited review" process means for Plaintiff Saleh, *see* ECF No. 16-1 at 4.
3. If Defendants claim the supplemental information is sensitive, the Court will entertain a request to file the documents under seal, subject to a protective order, or by way of any alternative submission mechanism deemed necessary upon a showing of good cause;
4. If Defendants need more time to obtain information regarding the status of individual Plaintiff's security assessments, they may produce the general programmatic information on or before the fourteen-day deadline, make a timely request demonstrating good cause for an extension, and then submit the remaining information on a rolling basis in accordance with any extension granted.
5. If Defendants fail to provide the ordered supplementation, the Court will make its

decision based on the absence of information from Defendants and any reasonable inferences drawn therefrom.

IT IS SO ORDERED.

Dated: **June 19, 2019**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE